Miller et al., Appellants, *v.* Miller et al.

Argued April 13, 1938. Before. KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Joseph First,* with him *Aldred F. Conard, Murdoch, Paxson, Kalish & Green,* and *W. B. Eilenberger,* of *Eilenberger & Huffman,* for appellants.

*F. B. Holmes,* with him *C. C. Shull* and *C. D. Shull,* for appellees.

OPINION BY MR. JUSTICE STERN, June 30, 1938:

The facts in this case are the same as those in *Miller v. Lutheran Conference and Camp Association,* 331 Pa. 241. Here a bill in equity is brought by the executors of the estate of Rufus W. Miller and by Hugh McCauley Miller et al. against Frank C. Miller and Katherine D.

Miller (defendants died and their executors were substituted). The executors of the Rufus W. Miller estate granted to Hugh McCauley Miller, who owns a tract of land abutting on Lake Naomi, the right to fish, boat and bathe in the lake. He constructed a dock partly on his land and partly in the water, and defendants, by their agents, tore it down and posted notices warning all people that they could boat, bathe or fish in the lake only if licensed by Thomas T. Miller, lessee of Frank C. Miller and of Katherine D. Miller. The bill prayed for an injunction to prevent interference with the enjoyment by plaintiffs, and their licensees, of bathing, boating and fishing, and also for an accounting to plaintiffs for their share of the profits from the exploitation of the boating, bathing and fishing privileges in the lake.

As the land under the water into which the dock protruded was in the lawful possession of Katherine D. Miller under the 99-years' lease, to the ownership of which she had succeeded, the construction of the dock in the lake was, to that extent, a trespass on the part of Hugh McCauley Miller, and defendants were justified in demolishing such part of it. As to the part built on the dry land, the court held that its destruction was an act of trespass by defendants, but that damages therefor could be recovered in an action at law. Accordingly the court dismissed the bill.

The main question involved, as in the case of *Miller v. Lutheran Conference and Camp Association,* is in regard to the easements of boating, bathing and fishing. For the reasons there stated the executors of the estate of Rufus W. Miller could not validly license Hugh McCauley Miller to use these rights. There is one prayer in the present bill, however, which apparently was overlooked in the court below, namely, that seeking an accounting. As far as the record discloses, no accounts have been interchanged since the one adjudicated in *Miller v. Miller,* 118 Pa. Superior Ct. 38. It having been shown that the assignment by Frank C. Miller to Rufus

W. Miller of a one-fourth interest in the boating, bathing and fishing privileges was valid, and that, while all licensing thereunder must be exercised in common by the owners of the rights, the proceeds should be divided in the proportion of three-fourths to Frank C. Miller and one-fourth to Rufus W. Miller, and, it appearing that licenses have in fact been granted separately by Frank C. Miller and by the executors of the estate of Rufus W. Miller since the time of the last accounting, either party is now entitled to an accounting of the proceeds of the commercial use of the privileges by the other. For that purpose plaintiffs can maintain their present bill.

The decree of the court below is reversed and the bill is reinstated for the purpose indicated; costs to abide the result of the accounting.